UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

SAMUEL DAVIS, JR.,

    Petitioner.

v.                                      Case No.  8:07–cv–1961–T–24–TGW
                                                                                                     8:04–cr–0546–T–24–TGW–1

UNITED STATES OF AMERICA,

    Respondent.

_____/

## **O R D E R**

The Court now consider Petitioner's motion for a certificate of appealability pursuant to 28 U.S.C. § 2253(c). (Civ. Doc. 40.)

A prisoner seeking to appeal a final order disposing of a motion under 28 U.S.C. § 2255 has no absolute entitlement to appeal a district court's denial of his petition. 28 U.S.C. § 2253(c)(1). Rather, a district court must first issue a certificate of appealability. Id. "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." Id. at § 2253(c)(2). To make such a showing, defendant "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Because Davis has made a substantial showing of the denial of a constitutional right, at least to the extent that the Court's assessment of his claim may be at least "debatable," the Court issues Davis a certificate of appealability to appeal only the following two issues:

(1) Whether trial counsel's actions and advice fell below the norms of "professionally competent assistance" and therefore was constitutionally deficient under the Sixth Amendment; and

(2) Whether Petitioner showed a reasonable probability that Petitioner suffered prejudice because the results of the criminal proceeding would have been different, but for trial counsel's constitutionally deficient errors.

**SO ORDERED** in chambers in Tampa, Florida, February 22, 2010.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge